IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



KORNITZKY GROUP LLC d/b/a §
AEROBEARINGS, LLC, §
 §
      Plaintiff, §
 §
VS. § NO. 4:18-CV-492-A
 §
FEDERAL AVIATION §
ADMINISTRATION, ET AL., §
 §
      Defendants. §

## MEMORANDUM OPINION
and
## ORDER

Before the court for consideration is the motion of defendants, Federal Aviation Administration, The United States Department of Transportation, Daniel K. Elwell, Acting Administrator of the FAA, and Elaine Chao, Secretary of the United States Department of Transportation (collectively "FAA"[1]), to dismiss the claims of plaintiff, Kornitzky Group LLC d/b/a AeroBearings, LLC, against them in the above-captioned action. Having considered the motion, plaintiff's response thereto, the applicable legal authorities, and the entire record, the court finds that the motion should be granted and that plaintiff's claims against FAA should be dismissed.

---

[1]All parties treat Federal Aviation Administration ("FAA") as the defendant who took the action of which plaintiff complains; and, for all practical purposes, all parties treat FAA as the sole defendant. Following the lead of the parties, the court does the same in this memorandum opinion and order.

I.

Plaintiff's Allegations

Plaintiff initiated the above-captioned action on June 15, 2018, by filing a document titled "Mandamus Action." On July 12, 2018, plaintiff amended its pleading by filing a document titled "Plaintiff's First Amended Mandamus Action" (the "Mandamus Complaint"). The Mandamus Complaint remains plaintiff's live pleading. Plaintiff alleged that:

It is a business that specializes in repairing jet engine bearings. Plaintiff was founded in 2011, when it obtained certification from FAA to do its work. It is required to have an FAA certification in order to do its work of repairing aircraft bearings. Since plaintiff's inception until approximately 2016, FAA had conducted random and scheduled inspections of plaintiff, and each time it did, FAA determined that plaintiff was properly following the Mil-spec and FAA regulations. Plaintiff is not aware of any service failures or process failures related to its workmanship.

As a result of a conspiracy that began in July 2016 between FAA and various rogue FAA agents, action was taken to ruin the business of plaintiff. Included in that activity was drastic and uncommon action of FAA to issue an Emergency Order of Revocation on March 1, 2018, against plaintiff that had the effect of

2

shutting down all plaintiff's operations. Also, on March 6, 2018, FAA issued a press release that contained several false and misleading statements, and had several material factual omissions necessary to give the public an accurate account of plaintiff and FAA's investigation. Plaintiff has notified FAA of its false statements and omissions in the press release, but FAA has refused to correct the press release or issue a follow-up press release.

FAA has failed to issue a new press release that provides information concerning plaintiff's emergency hearing in which an Administrative Law Judge overruled FAA's emergency revocation. The Administrative Law Judge's decision was overturned by the National Transportation Board, from which ruling plaintiff has filed an appeal with the United States Court of Appeals for the District of Columbia Circuit.

The FAA press release violated regulations governing FAA's obligations relative to the accuracy and fairness of its press releases. Section 9 of FAA Order 2150.3B provides a clear duty obligating FAA to provide the public with accurate, reliable information about its enforcement actions. Plaintiff has attempted to resolve this matter without involving the court, but has been wholly unsuccessful. "There is no other agency that is

able to grant the relief Plaintiff is seeking." Doc. 10 at 8, ¶ 23.[2]

Plaintiff seeks mandamus relief under 28 U.S.C. § 1361 in the form of "an Order requiring the FAA issue an accurate press release that does not omit material information to give the public a complete understanding of the FAA's contentions." Id. at 8, ¶ 24. This order is sought pursuant to FAA Order 2150.3B, a part of the regulatory guidance of FAA.

II.

Grounds of the Motion

The three reasons given by FAA why the motion to dismiss should be granted were summed up in the motion as follows:

> First, AeroBearings does not identify any duty owed to AeroBearings that arises from a statute or the United States Constitution. See Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992). Instead, AeroBearings alleges that the wording of the press release did not provide the public with accurate information. That purported duty to the public--which AeroBearings fashions from FAA guidance--cannot form the predicate for mandamus relief.
>
> Second, AeroBearings cannot show a clear right to relief because "mandamus is not available to review discretionary acts of agency officials." Green v. Heckler, 742 F.2d 237, 241 (5th Cir. 1984). Since the issuance of a press release is undoubtedly a discretionary act, AeroBearings cannot invoke mandamus jurisdiction.

---

[2]The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:18-CV-492-A.

4

> Third, AeroBearings fails to show that it has no
> other remedies available. AeroBearings does not attempt
> to explain why administrative or judicial relief are
> foreclosed, and it even admits that it is appealing the
> underlying revocation decision in the D.C. Circuit.
> AeroBearings cannot simply disregard other means of
> relief and opt for the extraordinary writ of mandamus.

Doc. 12 at 1.

FAA contends that for those reasons, the court lacks subject matter jurisdiction to grant plaintiff's requested relief and that, in any event, the Mandamus Complaint fails to state a claim upon which mandamus relief can be granted.

III.

Applicable Pleading Principles

A. Lack of Subject Matter Jurisdiction

When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint favorably to the pleader. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Cobb v. Cent. States, 461 F.3d 632, 636 (5th Cir. 2006). However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. Id.

Because of the limited nature of federal court jurisdiction, there is a presumption against its existence. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists. McNutt, 298 U.S. at 178; Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

Inasmuch as plaintiff is seeking mandamus relief to compel an officer or employee of the United States or an agency thereof to perform an alleged duty owed to plaintiff, as contemplated by 28 U.S.C. § 1361, directly bearing on the subject matter jurisdiction issue is the question of whether mandamus jurisdiction exists, which is discussed in some detail under the heading "Analysis" below. Infra at 8-12.

B. Failure to State a Claim

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

6

quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

The facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

IV.

Analysis

A. Lack of Mandamus Jurisdiction

"Mandamus is an extraordinary remedy, available only when government officials clearly have failed to perform nondiscretionary duties." Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv., 112 F.3d 1283, 1288 (5th Cir. 1997); see also In re Corrugated Container Antitrust Litig., 614 F.2d 958, 961-62 (5th Cir. 1980)(It is a "black-letter proposition that mandamus is an extraordinary remedy for extraordinary causes.")(citation omitted). The writ compels "an officer or employee of the United States or its agencies to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. For mandamus jurisdiction to exist, a plaintiff must show (1) a clear right to the relief sought, (2) a clear duty by the defendant to do the particular act, and (3) that no other adequate remedy is available. United States v. O'Neal, 767 F.2d 1111, 1112 (5th Cir. 1985).

1. Lack of Clear Duty

Defendants' first argument against the presence of mandamus jurisdiction in this case is that element two of the three-part O'Neal test for mandamus jurisdiction is lacking--that there is no clear duty by FAA to do the particular act that plaintiff

8

seeks to have done through its Mandamus Complaint. The court agrees. Plaintiff has not carried its burden of identifying a clear duty by FAA to issue the press release requested.

For a plaintiff to have standing under 28 U.S.C. § 1361, he must "establish that a duty is owed to him. Any duty owed to the plaintiff must arise from [a] statute . . . or from the United States Constitution." Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992); see also Dunn-McCampbell, 112 F.3d at 1288. Plaintiff does not identify such a duty in its Mandamus Complaint. The duty it seeks to have the court enforce arises from FAA Order 2150.3B, which is regulatory guidance for FAA, and requires FAA "to provide the public with accurate reliable information about its enforcement actions." Doc. 10 at 8, ¶ 22; Doc. 11 at App. 138.

The only support plaintiff offers for the notion that the court should disregard binding Fifth Circuit precedent and consider regulatory guidance as a source of a clear duty in a mandamus action is LeGrande v. United States, 774 F. Supp. 2d 910, 917 (N.D. Ill. 2011). First, the case is non-binding precedent on this court and cannot displace binding Fifth Circuit precedent. Second, LeGrande was not a mandamus case; it is a negligence case, where a wider range of duties are available beyond those set out by statute of the United States or the

9

United States Constitution. Third, the duty identified based on section 9 of FAA Order 2150.3B is not a duty owed by FAA to plaintiff but appears to be a duty owed by FAA to the general public. Put another way, plaintiff does not appear to be within the "zone of interest" sought to be protected by the FAA Order. Giddings, 979 F.2d at 1109. Plaintiff does not provide any argument that would support a conclusion that such a duty satisfies the duty requirements for issuance of a writ of mandamus. This, of course, is in addition to the fact that reliance on FAA Order 2150.3B, section 9, does not satisfy the rule of the Fifth Circuit that the duty that would support issuance of a writ of mandamus must be one created by a statute or constitutional provision.

2. Clear Right

The court also agrees with FAA that plaintiff cannot establish a clear right to a writ of mandamus. "[M]andamus is not available to review discretionary acts of agency officials." Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 768 (5th Cir. 2011); Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002); Green v Heckler, 742 F.2d 237, 241 (5th Cir. 1984); Giddings, 979 F.2d at 1108 (citations omitted). "Mandamus is an appropriate remedy only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly

prescribed as to be free from doubt." Giddings, 979 F.2d at 1108 (internal quotation marks and citations omitted). The issuance of the press release requested by plaintiff is not such a ministerial and plainly prescribed act.

Plaintiff argues that the issuance of a press release is not a discretionary act because defendants would simply need to omit the three statements it alleges to be false and misleading in its Mandamus Complaint. But that argument does not make logical sense. Were FAA to omit these three sentences for a revised press release, it would need to replace them with new sentences that would still allow the press release to flow properly and make sense. And such an act would necessarily involve the discretion of the drafter of the new press release. Such relief is not available in a mandamus action.

### 3. No Showing That No Other Adequate Remedy is Available

The allegation of the complaint that plaintiff now has pending an appeal from the National Transportation Safety Board's decision overruling the Administrative Law Judge's decision in favor of plaintiff is an indication that plaintiff does have available an adequate remedy. There may be other available remedies, but the court need not dwell on that subject because

11

the reasons previously discussed so clearly establish that the court does not have mandamus jurisdiction.

B. Failure to State A Claim

Because the court has found that it does not have jurisdiction to issue a writ of mandamus in this action, and is dismissing the action on this basis, it need not reach defendants' arguments regarding plaintiff's failure to state a claim.

V.

Order

For the foregoing reasons,

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted, and all claims and causes of action asserted by plaintiff against FAA in the above-captioned action be, and are hereby, dismissed.

SIGNED October 9, 2018.

_____
JOHN McBRYDE
United States District Judge